J-S54005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PATRICK OKEY :
:
Appellant : No. 1021 MDA 2018

Appeal from the PCRA Order Entered May 23, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004710-2008

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 23, 2019**

Patrick Okey appeals from the order entered in the York County Court of Common Pleas, which dismissed his serial PCRA petition as ineligible for relief.  Also before us is Thomas W. Gregory, Jr., Esquire's application to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  We affirm the PCRA court's order dismissing Appellant's second PCRA petition and grant counsel's application to withdraw.

The pertinent facts are as follows.  In May 2008, Appellant was charged with two counts of luring a child into a motor vehicle, and one count of stalking, after he approached a minor child on three occasions, and offered her a ride on one of those occasions.  A jury found Appellant guilty of one count each of luring and stalking the child.  Subsequently, he was sentenced to one year less one day to two years less two days incarceration for luring

the child, and a concurrent term of three to twelve months of incarceration for stalking. Appellant also became subject to the reporting requirements of the then-enacted Megan's Law. Appellant appealed, challenging the sufficiency of the evidence against him, and we affirmed. **Commonwealth v. Okey**, 4 A.3d 185 (Pa.Super. 2010) (unpublished memorandum). Appellant sought no further review.

Thereafter, Appellant was released from custody. Appellant failed to register with the Pennsylvania State Police in accordance with his Megan's Law reporting requirements. On January 27, 2011, Appellant was charged with a violation of Megan's Law, and after being found guilty of that offense, he received a sentence of two to four years of incarceration.

From 2013 to 2014, Appellant unsuccessfully litigated two petitions for collateral relief at this case. In 2016, Appellant filed a third PCRA petition. The PCRA court issued a Rule 907 notice of its intent to dismiss and Appellant filed a response conceding that he was no longer serving a sentence for his 2009 convictions. **See** Appellant's *pro se* response to Rule 907 notice at 2. Nevertheless, Appellant argued he was entitled to relief because his 2009 convictions "enhanced" his current sentence for his conviction of failure to comply with sex offender registration requirements. **Id**. The PCRA court dismissed the petition. We affirmed the PCRA court's dismissal of Appellant's petition, explaining that Appellant was not eligible for PCRA relief since he was no longer serving a sentence. **Commonwealth v. Okey**, 179 A.3d 547 (Pa.Super. 2017) (unpublished judgment order at 4). Appellant's petition for

allowance of appeal was also denied. *Commonwealth v. Okey*, 184 A.3d 148 (Pa. 2018).

On May 11, 2018, Appellant filed the instant PCRA petition, his fourth. In his petition, Appellant challenged his previous counsel's effectiveness for failing to file a petition or allowance of appeal. The PCRA court appointed counsel and scheduled a hearing. The Commonwealth responded with a motion to dismiss, arguing that Appellant had finished serving his sentence and therefore was no longer eligible for relief under the PCRA. After receiving the Commonwealth's motion, the PCRA court cancelled the hearing and denied the petition, finding that Appellant was no longer serving a sentence of imprisonment, probation or parole for the 2009 conviction. Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

In this Court, in lieu of an advocate's brief, counsel filed a petition to withdraw and no-merit letter pursuant to *Turner* and *Finley*. Before we consider the merits of the issues raised on appeal, we must determine whether counsel followed the required procedure, which we have summarized as follows.

> *Turner*/*Finley* counsel must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of ***Turner***/***Finley***, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper ***Turner***/***Finley*** request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner***/***Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007) (cleaned up).

We are satisfied from the review of counsel's application and no-merit letter that counsel has substantially complied with the technical requirements of ***Turner*** and ***Finley***. Counsel has detailed his review of the case and the issue Appellant wishes to raise, and explained why that issue lacks a viable avenue to success with citation to authority where appropriate. Counsel also includes proof of service for both the petition and the letter. In his August 7, 2019 letter, counsel advises Appellant of his immediate right to proceed *pro se* or with hired counsel. Appellant has not responded to this filing. Accordingly, we proceed to consider the substance of the appeal.

In his concise statement, Appellant attacked the PCRA court's dismissal of his appeal because of its finding that he was no longer serving a sentence. Appellant argues that this finding was error because the penalties that flow from this case have not ceased, since he still has registration requirements. *See* Concise Statement, 7/5/18, at unnumbered 1. We disagree.

Our standard of review examines "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." *Commonwealth v. Holt*, 175 A.3d 1014, 1017 (Pa.Super. 2017) (citation omitted). In order to be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S. § 9543(a)(1)(i). Once supervision ends, a petitioner is no longer eligible for PCRA relief. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997). This principle is true regardless of whether collateral consequences still exist as a result of the conviction which the petitioner is no longer serving a sentence on. *Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa.Super. 2006).

Appellant is no longer serving a sentence for his convictions at this case. Accordingly, Appellant is ineligible for PCRA relief and the PCRA court did not err when it dismissed Appellant's petition for this reason. We agree with counsel that the appeal lacks merit.

Order affirmed. Petition to withdraw of Thomas W. Gregory, Jr., Esquire granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2019